# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

RENADE GRANT AND NARNIKE PIERRE,

    Plaintiffs,

vs.

SUNTRUST MORTGAGE, INC.,

    Defendant.

_____/

## COMPLAINT

**COME NOW**, the Plaintiffs, RENADE GRANT AND NARNIKE PIERRE, by and through undersigned counsel, and bring this action against the Defendant, SUNTRUST MORTGAGE, INC. ("SUNTRUST"), and as grounds thereof would allege as follows:

### INTRODUCTION

1. This action is brought by a consumer for Defendant's violations of the Telephone Consumer Protection Act, 47 U.S.C §227, et seq. ("TCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA").

2. Plaintiff alleges that Defendant has unlawfully called Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention of the aforesaid statutes. Consequently, Plaintiff seeks injunctive relief as well as damages, fees, and costs in accordance with the FCCPA and the TCPA.

3. The FCCPA prevents persons from engaging in abusive, deceptive, and unfair collection practices.

*FD-2312*

4.     The TCPA prohibits any person "to make any call (other than for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. §227(b)(1)(A).

## JURISDICTION

5.     This court has jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227. Federal courts have jurisdiction over private suits arising under the TCPA. <u>Mims v. Arrow Financial Services, LLC</u>, 132 S. Ct. 740 (2012).

6.     Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiffs' state law FCCPA claim in that it is so related to the federal TCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.     Venue in this District is proper because Plaintiffs reside here and Defendant does business and places phone calls into this District.

## PARTIES

8.     At all times relevant to this Complaint, Defendant, SUNTRUST was and is a foreign corporation, formed under the laws of the State of Virginia has its principal place of business in Richmond, Virginia.

9.     At all times relevant to this Complaint, SUNTRUST was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

*FD-2312*

10. Defendant services the mortgage loan secured on Plaintiffs' primary residence and principal dwelling, located at 12107 N.W. 69th Court, Parkland, Florida, 33076, and refers to the subject loan as xxxxxx2809.

11. At all times relevant to this Complaint, SUNTRUST has used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA. 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

12. At all times relevant to this Complaint, the Plaintiffs, were and are natural persons, and are "consumers" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or persons with standing to bring a claim under the FCCPA and the TCPA by virtue of being directly affected by violations of the Acts.

13. At all times relevant to this Complaint, the Plaintiffs, were and are natural persons "person" as defined by 47 U.S.C. § 153(32).

14. At all times material hereto, the debt in question was a "debt" as said term is defined under Florida Statutes, §559.55(1).

## BACKGROUND AND GENERAL ALLEGATIONS

15. Defendant sought to collect a debt from Ms. Pierre arising from an alleged debt incurred by Ms. Pierre for personal, family, or household purposes.

16. Specifically, the debt was a loan secured by Ms. Pierre's real property.

17. Upon information and belief, Defendant, SUNTRUST by and through its through its agents, representatives and/or employees acting within the scope of their authority, attempted to collect a debt from Plaintiffs by using an automatic telephone dialing system to place numerous telephone calls to Plaintiffs' three cellular telephones.

18. Upon answering any of these calls, each Plaintiff was greeted by an automated,

machine-operated voice message or a noticeable period of "dead air" while the caller's telephone system attempted to connect the Plaintiff to a live telephone employee.

19. Ms. Pierre is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling assigned the number 954-xxx-2941.

20. Mr. Grant is the sole owner, possessor, subscriber, and user of the cellular telephone that Defendant was calling assigned the number 954-xxx-2394.

21. Mr. Grant is the sole possessor and user and Ms. Pierre is the owner and subscriber of the cellular telephone that Defendant was calling assigned the number 954-xxx-2940.

22. The calls from SunTrust originated from various numbers including but not limited to 804-291-0001, and include but are not limited to a call placed to the Mr. Grant's 2394 number on December 2, 2014 at or about 10:42 a.m., and a call placed to Ms. Pierre's 2941 number on that day.

23. Plaintiffs did not expressly consent to Defendant's placement of telephone calls to Plaintiffs' cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placements of the calls.

24. In fact, Mr. Grant was not a signatory on the subject loan application or Promissory Note and did not provide his cellular telephone numbers to SunTrust.

25. After being the recipient of a steady deluge of auto-dialed calls from SunTrust, on or about March 24, 2010, Mr. Grant received a telephone call on his cellular telephone from SunTrust and spoke with Defendant's representative named Wayne Wood who provided his number as 800-634-7928, extension 52547.

26. Mr. Grant instructed Mr. Wood to cease calling his and Ms. Pierre's telephones.

27. Mr. Wood responded that collection efforts as well as the calls would continue because SunTrust "was a first-party collector" and because the account was delinquent.

28. Mr. Grant and Ms. Pierre asked SunTrust to stop calling their cellular telephones on other occasions as well.

29. SunTrust failed to heed Plaintiffs' instructions and proceeded to place hundreds of auto-dialed calls to Plaintiffs.

30. On many days, SunTrust would call Ms. Pierre's cellular phone followed immediately by a call to each of Mr. Grant's cellular telephones.

31. This cycle would repeat itself three times a day so that Plaintiffs were receiving nine auto-dialed calls a day from SunTrust.

32. Plaintiffs were damaged by these illegal calls. Their privacy was improperly invaded, minutes were used from their cell phone plans and they were forced to spend time tending to unwanted calls.

33. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

34. Upon information and belief, Defendant knew their collection techniques were in violation of the TCPA, yet still continued to use them therefore willfully or knowingly violated the TCPA.

## COUNT I-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(7)

35. Plaintiff, Narnike Pierre, repeats, realleges and incorporates paragraphs 1 through 34.

36. Florida Statutes §559.72(7) states:

"In collecting debts, no person shall…
(7) Willfully communicate with the debtor or any member of her or his

family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Florida Statutes §559.72(7).

37. Defendant has on many occasions called Ms. Pierre by telephone directly, multiple times a day, attempting to collect the debt. Ms. Pierre's having to handle debt collection calls to her cellular telephone multiple times a day, day after day, week after week, has annoyed Plaintiff and caused unnecessary upon Ms. Pierre and her family.

38. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(7).

39. As a direct and proximate result of the violation of the FCCPA by Defendant, Ms. Pierre has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

40. Ms. Pierre has hired Loan Lawyers, LLC, to represent her in this action and has agreed to pay a reasonable attorney's fee.

41. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff, NARNIKE PIERRE is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

**WHEREFORE**, Plaintiff, Plaintiff, NARNIKE PIERRE, respectfully prays that judgment be entered against Defendant, SUNTRUST MORTGAGE, INC., for actual damages, statutory damages, along with costs and reasonable attorney's fees pursuant to Florida Statutes §559.77(2), and for such other and further relief as justice may require.

### COUNT II- VIOLATION OF THE TCPA, 47 U.S.C § 227 (b)(1)(A)(iii)

42. Plaintiffs repeat, reallege and incorporate by reference paragraphs 1 through 34.

FD-2312

43. Defendant placed many non-emergency calls, including but not limited to the calls referenced above, to Plaintiffs' cellular telephone using an automatic telephone dialing system in violation of 47 U.S.C §227 (b)(1)(A)(iii).

44. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system without their express consent.

45. Plaintiffs did not expressly consent to SUNTRUST to contact them via cellular phone, and even if Plaintiff had, the telephone call referenced in ¶ 26, was an express revocation of any such consent. *See* Breslow v. Wells Fargo Bank, N.A., 755 F.3d 1265 (11th Cir. 2014). Even oral instructions to cease calls effectively revoke any prior consent the caller may have had. *See* Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242 (11th Cir. 2014).

46. The aforesaid calls to Plaintiffs' cellular telephone were placed using an automated telephone dialing system.

47. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issued regulations implementing the TCPA, such calls as those alleged herein are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy, and such calls can be costly and inconvenient. *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

48. Defendant's method of contacting Plaintiff is indicative of its ability to dial numbers without any human intervention in the calling process, which the FCC has opined is the hallmark of an automatic telephone dialing system (i.e. auto-dialer). See *In the Matter of Rules & Regulations Implementing The Telephone Consumer Protection Act of 2008*, CG Docket No. 02-278, FCC 07-232 (1/4/08) ¶¶ 11-13; *In the Matter of Rules & Regulations Implementing the*

*Telephone Consumer Protection Act of 1991*, 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003).

49. In sum, Defendant made telephone calls to Plaintiffs' cellular telephone—whether about the above-reference property or otherwise—which were either initiated by an automatic telephone dialing system and/or contained a pre-recorded message and were made without the prior express consent of Plaintiffs.

50. Under the TCPA, and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided express consent within the meaning of the statute. *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

51. Defendant, through its agents, representatives and/or employees acting within the scope of their authority acted willfully and intentionally violated the TCPA, 47 U.S.C § 227(b)(1)(A)(iii).

52. As a direct and proximate result of the violation of the TCPA by Defendant, Plaintiffs have been damaged. The damages of Plaintiffs include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

53. As a result of Defendant's violations of 47 U.S.C. § 227 et seq, Plaintiffs are entitled to an award of $1,500.00 in statutory damages, for each and every willful or knowing violation, pursuant to 47 U.S.C. § 227(b)(3)(C), and $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

54. Plaintiffs are entitled to injunctive relief prohibiting Defendant from contacting the Plaintiffs on their cellular phone using an automated dialing system pursuant to the 47 U.S.C. Section 227(b)(3)(a).

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against Defendant

SUNTRUST MORTGAGE, INC., for statutory damages of $1,500.00 for each and every violation, an order be entered enjoining Defendant from calling Plaintiff's cellular telephone by use of an automatic dialing system, and for such other and further relief as justice may require.

### **DEMAND FOR JURY TRIAL**

Plaintiffs, RENADE GRANT AND NARNIKE PIERRE, hereby demand a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ *Yechezkel Rodal*
YECHEZKEL RODAL, ESQ.
Florida Bar Number: 91210
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave. 2nd Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 523-4357
Facsimile: (954) 581-2786
E-mail: chezky@floridaloanlawyers.com

FD-2312